RICHARD A. HALL (SBN 135483)
**BOTTOMLINE LAWYERS**
985 Lincoln Way, Suite 206
Auburn, California 95601
Telephone: (530) 888-7100
Facsimile: (866) 305-1238

Attorneys for Debtors
DONALD OLIVER DANIELS, JR. and
ANITA LOUISE DANIELS

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

In re:

DONALD OLIVER DANIELS, JR., and ANITA LOUISE DANIELS,

    Debtors.

CASE NO. 09-22135- C7

DC NO.: RAH-001

DEBTORS' MOTION FOR ORDER FOR ABANDONMENT OF THE BANKRUPTCY ESTATE'S INTEREST IN 2004 HOUSEBOAT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

DATE: March 9, 2010
TIME: 9:30 a.m.
PLACE: U.S. Bankruptcy Court
        Courtroom 35
        Department C
        501 I Street
        Sacramento, California

Debtors, Donald Oliver Daniels, Jr., and Anita Louise Daniels, through their attorney of record, Richard A. Hall, hereby move this Court for an order for abandonment of the Bankruptcy Estate's interest in 2004 houseboat.

This motion is based on the facts which follow. The debtors filed a Chapter 7 petition in bankruptcy on February 9, 2009. Among the assets, debtors scheduled an interest in a "2004 Houseboat Spc/const." The debtors valued the property at $65,000, and stated that Les Young had a had a claim against it for $67,227.34, $2,227.34 of which was unsecured. Debtors claimed no equity in the houseboat nor did they claim an exemption. Debtors, in their "Statement of Intention, stated the property will be retained, and that they intended to reaffirm the debt. The net

1 value of the property to the Bankruptcy Estate is zero.

2 The trustee's §341 meeting of creditors was held in or about April 3, 2009, and the trustee filed a notice of assets report on May 4, 2009.

I hereby certify that I have read the foregoing motion for order for abandonment of the Bankruptcy Estate's interest in the 2004 houseboat, and further certify and declare, under penalty of perjury under the laws of the United States, that the contents therein are true and correct to the best of my knowledge and belief. Executed this 21st day of March 2010, at Auburn, California.


/s/   Richard A. Hall
RICHARD A. HALL


**MEMORANDUM OF POINTS AND AUTHORITIES**

**ARGUMENT**

**THE 2004 HOUSEBOAT SPC/CONST IS OF INCONSEQUENTIAL VALUE TO THE BANKRUPTCY ESTATE.**

Property may be abandoned from the bankruptcy estate in one of three ways: upon notice by the case trustee, 11 U.S.C. § 554(a), upon motion by a party in interest and order, 11 U.S.C. § 554(b), or upon closing. 11 U.S.C. § 554(c). Property may be abandoned only if it is (1) burdensome to the bankruptcy estate or (2) of inconsequential value to the bankruptcy estate. 11 U.S.C. § 554(a).

The debtors assert that the asset is of inconsequential value to the Bankruptcy Estate, as is evidenced by the chapter 7 bankruptcy filing. See "Declaration of Donald Oliver Daniels, Jr. and Anita Louise Daniels, etc." and exhibit document filed concurrently herewith consisting of "Schedule D-Creditors Holding Secured Claims." Because the property is of inconsequential value to the Bankruptcy Estate, therefore, the property may be abandoned from the Bankruptcy Estate.

Additionally, the Court need not consider speculative factors when determining whether abandonment is appropriate under Section 554(b) of the Bankruptcy Code. <u>Vu v. Kendall</u> (<u>In re</u>

DEBTORS' MOTION FOR ORDER FOR ABANDONMENT, ETC., MPA ISO THEREOF
-2-

1 Vu), 245 B.R. 644, 649 (B.A.P. 9th Cir. 2000). The Bankruptcy Court cannot be expected to
2 deny the debtor's request for abandonment on the basis of a speculative scenario which may or
3 may not occur in the future. Ibid. Otherwise, trustees could certainly invent a scenario under
4 which virtually all property could become valuable in the future and thereby defeat any motion to
5 compel abandonment. The Court can only consider the evidence before it. In this instance, no
6 concrete evidence of value to the Bankruptcy Estate is presented.

## CONCLUSION

Based on the facts and authorities stated above, the debtors respectfully request this Court enter an order for abandonment of the Bankruptcy Estate's interest in the 2004 houseboat.

DATED: March 21, 2010.

**BOTTOMLINE LAWYERS**

By: /s/ Richard A. Hall
RICHARD A. HALL
Attorneys for Debtors
DONALD OLIVER DANIELS, JR. and
ANITA LOUISE DANIELS